IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br>$13,200.00 U.S. Currency,<br>*Defendant in Rem*. | No. 4:26-CV- |

# **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against $13,200.00 U.S. Currency ("Defendant Property"):

## **NATURE OF THE ACTION**

1. This is a forfeiture action under 31 U.S.C. § 5317. The United States seeks the forfeiture of the Defendant Property under 31 U.S.C. § 5317 because it is property involved in a violation of 31 U.S.C. § 5316 or a conspiracy to commit such a violation, or it is property traceable to such a violation or conspiracy.

## **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction is proper under 28 U.S.C. § 1355(b).

3. Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b) because acts or omissions giving rise to the forfeiture occurred in the Northern District of

Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

**PARTIES**

4. The Plaintiff is the United States of America.

5. The Defendant Property is $13,200.00 U.S. Currency. The Defendant Property was seized from Mir Abdullah Sadat at the Dallas-Fort Worth ("DFW") International Airport, on April 24, 2026. On April 24, 2026, the Defendant Property was transferred to the custody of the United States Customs and Border Protection ("CBP") and was deposited into a CBP suspense bank account.

6. Mir Abdullah Sadat, by and through his attorney Arnold Spencer, filed a claim to the Defendant Property in CBP's administrative forfeiture proceeding against the Defendant Property on June 3, 2026.

**FACTS**

7. The United States Customs and Border Protection ("CBP"), one of the nation's law enforcement organizations, has numerous responsibilities that include combating transnational crime, preventing terrorist activity, securing the border, and facilitating lawful international trade and travel. CBP works to protect the American people, safeguard the borders, and enhance the nation's economic prosperity.

8. Investigators, officers, and agents with CBP are specially trained and learn by experience how to identify, investigate, and prevent criminal activity.

9. On April 24, 2026, CBP's Passenger Enforcement Roving Team was conducting operations at the DFW International Airport.

10. The CBP officers were conducting their operations at gate D8 for a Turkish Airlines international flight bound for Istanbul, Türkiye.

11. Mir Abdullah Sadat ("Sadat") and his wife and two children were scheduled passengers for the international flight bound for Istanbul.

12. As Sadat entered the jetway prior to boarding the plane, a trained canine alerted to Sadat.

13. Because of the canine alert on Sadat, a CBP officer approached Sadat and asked him how much currency he was traveling with in total.

14. Sadat verbally responded, "$9,000."

15. The CBP officer instructed Sadat to include all currency that his family was carrying, including any currency that his wife and children were carrying.

16. Sadat declared that they were carrying $9,000 and signed a currency reporting sheet, verifying the amount claimed of $9,000.

17. Sadat and his family were escorted to an inspection room for currency verification.

18. CBP officers instructed Sadat to place all his currency on the counter.

19. At this time, Sadat stated, "Well, I may have more than $9,000."

20. Sadat then placed his currency on the counter.

21. A CBP officer inspected the family's bags for any additional undeclared currency or contraband and found an additional $4,000 U.S. currency in the purse of Sadat's wife.

22. The CBP officer determined the total amount of currency presented and discovered exceeded the amount of the $9,000 declared and exceeded the reporting requirement of $10,000 currency.

23. A CBP Chief Officer was notified of the discrepancy between the amount of currency and the declared amount, and the Chief Officer approved Sadat being taken off the international flight for further inspection.

24. Sadat was informed that he had failed to properly declare over $10,000 in currency when leaving the United States.

25. In the secondary inspection area, the currency was counted by the Chief Officer using an electronic currency counter.

26. The total amount of currency with which Sadat was going to travel internationally was $13,200.

27. The CBP Chief Officer authorized the seizure of the $13,200 currency because of Sadat's failure to properly declare over $10,000 in currency when leaving the United States.

28. The seized currency was then deposited into a CBP suspense bank account.

**FIRST CAUSE OF ACTION**
**31 U.S.C. § 5317**
**(forfeiture of property related to failure to properly declare over $10,000 in currency when leaving the United States)**

29. The United States of America reasserts all allegations previously made.

30. Under 31 U.S.C. § 5317(c)(2)(A), "any property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United States."

31. 31 U.S.C. § 5316(a)(1)(A) requires "a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time from a place in the United States to or through a place outside the United States."

32. As set forth above, the Defendant Property is property involved in a violation of 31 U.S.C. § 5316 or a conspiracy to commit such a violation, or it is property traceable to such a violation or conspiracy. The Defendant Property is therefore subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2)(A).

**REQUEST FOR RELIEF**

WHEREFORE, the United States of America respectfully asserts that the Defendant Property is forfeitable to the United States of America under 31 U.S.C. § 5317(c)(2)(A).

The United States of America further requests:

A. That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b), the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property;

B. That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

C. That a Judgment of Forfeiture be decreed against the Defendant Property;

D. That, upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or its delegate be able to dispose of the Defendant Property according to law; and

E. That the United States of America receives its costs of court and all further relief to which it is entitled.

DATED this 1st day of September 2026.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*/s/ John Penn*
JOHN PENN
Assistant United States Attorney
Indiana Bar No. 28722-29
1100 Commerce Street, Suite 300
Dallas, Texas 75242
T: 214-659-8600; F: 214-659-8805
Email: john.penn@usdoj.gov

**VERIFICATION**

I am a Chief Officer with U.S. Customs and Border Protection ("CBP"). As a Chief Officer with CBP, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Verified Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed this 1st day of September 2026.

ANDREW L NUNES Digitally signed by ANDREW L NUNES
Date: 2026.09.01 11:55:02 -05'00'

Chief Officer Andrew Nunes
U.S. Customs and Border Protection